UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Mills, #0324750, | ) C/A No. 3:09-831-JFA-JRM |
| Plaintiff, | ) |
| v. | ) REPORT |
| | ) AND |
| | ) RECOMMENDATION |
| Florence County Sheriff Department; | ) |
| Kenny Boone, Sheriff, | ) |
| Defendants. | ) |

This matter is before the Court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* should be denied, and Plaintiff's complaint should be dismissed if he fails to timely pay the filing fee. Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

litigation without prepayment of the filing fee.  To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee.  However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing.  *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at the Florence County Detention Center.  Plaintiff filed this civil rights action alleging various defects in an arrest that occurred on December 4, 2008[2].  Specifically, Plaintiff claims that: (1) the arresting officer entered Plaintiff's home without a search warrant; (2) the arresting officer refused to tell Plaintiff why he was under arrest; (3) the arresting officer failed to apprise Plaintiff of his rights; and (4) the arresting officer drove in an unsafe manner while transporting Plaintiff to the Florence County Detention Center.  Plaintiff seeks monetary damages.

Plaintiff has filed three prior civil actions in this Court, which have been deemed a "strike," because the civil actions were dismissed as frivolous, malicious, or failing to state a claim. *See Mills v. City of Lake City, et al.*, No. 3:99-1313-CES (D.S.C. May 28, 1999); *Mills v. Luci M. Coleman, et al.*, No. 3:99-1451-CES (D.S.C. July 26, 1999); *Mills v. Ed Clement, Solicitor for the Twelfth Judicial Circuit*, No. 3:99-1467-CES (D.S.C. July 29, 1999).  This Court may take judicial notice of the three civil actions filed by the Plaintiff in which a "strike" has been entered.[3]

---

[2] Plaintiff states the arrest happened on December 4th.  Although Plaintiff does not state the year of his arrest, it is assumed that the incident occurred on December 4, 2008.

[3] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records).  *See also, Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

In light of Plaintiff's prior "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this complaint, Plaintiff must pay the full filing fee. If Plaintiff timely pays the filing fee, his complaint will then be subject to review by the undersigned to determine if service of process should be authorized.

**Recommendation**

It is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied. It is further recommended that Plaintiff be given fifteen (15) days from the date the District Judge rules on this Report to pay the filing fee (currently $350), and that the Office of the Clerk of Court withhold entry of judgment until such time expires. If Plaintiff fails to timely pay the filing fee, it is further recommended that the complaint be dismissed *without prejudice* under the "three strikes" rule of 28 U.S.C. § 1915(g).

                                                              Joseph R. McCrorey
                                                             United States Magistrate Judge

April 7, 2009
Columbia, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).