IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Mills, ) | C/A No.: 3:09-831-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Florence County Sheriff Department, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Raymond Mills, brings this action pursuant to 42 U.S.C. § 1983, contending that his civil rights were violated and various defects occurred during his arrest in 2008. He is incarcerated at the Florence County Detention Center.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that the plaintiff's motion to proceed *in forma pauperis* should be denied. The Magistrate Judge takes judicial notice of the plaintiff's three prior civil actions in this court which have been dismissed as frivolous, malicious, or failing to state a claim, and deemed as "strikes"

The Magistrate Judge suggests that in light of the plaintiff's prior "strikes," the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

plaintiff cannot proceed with the instant complaint because his claim does not satisfy the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Therefore, since the plaintiff does not allege that he is in imminent danger of serious physical injury, the plaintiff must pay the court filing fee in full to proceed with this complaint. If the plaintiff timely pays the filing fee, his complaint will then be subject to review by the assigned Magistrate Judge to determine if service of process should be authorized. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on April 7, 2009. He has not filed objections to the Report.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the plaintiff's motion to proceed *in forma pauperis* is denied. The plaintiff shall have fifteen (15) days from the date of this order to pay the $350 filing fee. The Clerk of Court is directed to withhold entry of judgment until such deadline expires. If the plaintiff fails to timely pay the filing fee, the complaint shall be dismissed without

prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g).

    IT IS SO ORDERED.

May 1, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge